| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

STERLING ARLANDIS WORLEY,           §
                                    §
       Plaintiff,                  §
                                    §
*versus*                            §   CIVIL ACTION NO. 1:05-CV-404
                                    §
C.P.O. MCNEELY, *et al.*,           §
                                    §
       Defendants.                §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Sterling Arlandis Worley, an inmate formerly confined at the Newton County Detention Facility, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983 against C.P.O. McNeely, C.P.O. Bailey, and C.O. III March.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

Plaintiff has failed to show more than negligence on the part of the defendants. While it may have been against prison policy for a correctional officer to give a key to the mailbox to a prisoner, the defendants' failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Further, plaintiff has failed to show

that the defendants acted with deliberate indifference to his safety.  The Fifth Circuit has "interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome." *Hernandez ex rel. Hernandez v. Texas Dep't of Protective and Regulatory Services*, 380 F.3d 872, 882 (5th Cir. 2004).  "To establish deliberate indifference, the plaintiff must demonstrate culpability beyond mere negligence or even gross negligence." *Id*.  Accordingly, plaintiff's complaint should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 17th day of March, 2008.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE